**UNITED STATES of America,**
**Appellee,**

v.

**Jose Rafael TORRES, Appellant.**

**No. 72–2386.**

United States Court of Appeals,
Ninth Circuit.

April 23, 1973.

William Struthers (argued), Struthers & Harris, Livermore, Cal., for appellant.

Donald F. Shanahan, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

Torres appeals his conviction for importing and possessing cocaine and heroin. 21 U.S.C. §§ 841(a)(1), 952 and 960.

On January 18, 1972, Torres drove from San Diego to Tijuana with Isabel Figueroa and Anselmo Lebron. They stayed in Tijuana about seven hours and then returned to the United States. The customs inspector at the San Ysidro Port of Entry found 1.75 ounces of heroin and .6 gram of cocaine in Torres' jacket pocket.

At trial, Torres asserted that he did not know how the drugs got there. He testified that there were no drugs in the jacket when he put it in the back seat of the car; that he put on the jacket when he got out of the car at the customs station; and that he did not notice the small package of drugs until the inspector found it.

Lebron rode in the back seat of the car. According to Torres, Lebron put the drugs in the jacket while it was on the back seat. Torres called Figueroa as a defense witness, but she could not remember whether the jacket had been in the back. Torres also called Lebron. Lebron testified that Torres wore the jacket the entire time.

Torres wanted to impeach Lebron's testimony by introducing his prior conviction for selling heroin, for which Lebron was on probation. The trial judge refused to permit Torres to do this on the ground that, absent surprise, one may not impeach his own witness. The Court also rejected Torres' request that the Court call Lebron as the Court's own witness. Torres asserts that the Court's refusal to permit impeachment was error requiring reversal.

We agree.

It was crucial to Torres' defense to show that Lebron's testimony was false and that Lebron had reason to lie. It was in Lebron's interest to lie to save himself from prosecution and from revocation of his probation for the prior conviction. If the Court had permitted Torres to introduce Lebron's record, the jury might have disbelieved Lebron's testimony and acquitted Torres.

In United States v. Freeman, 302 F.2d 347, 351 (2d Cir. 1962), the Second Circuit rejected the rule against impeaching a party's own witness as a pointless limitation on the "search for truth."

The Proposed Federal Rules of Evidence (Rule 607) also reject the old rule. The Advisory Committee recommended this change because:

"A party does not hold out his witnesses as worthy of belief since he rarely has a free choice in selecting them. Denial of the right [of impeachment] leaves the party at the

---

* Honorable Gus J. Solomon, United States District Judge, Portland, Oregon, sitting by designation.

mercy of the witness and the adversary."

In the recent case of Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the Supreme Court reversed a state court conviction in which a defendant was not permitted to impeach his own witness.

Reversed.